**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**NEAL BENJAMIN,**

          **Petitioner,**

**v.**                                               **Civil Action No. 5:17cv161
(Judge Stamp)**

**JENNIFER SAAD,**

          **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On October 25, 2017, the *pro se* Petitioner, Neal Benjamin, an inmate incarcerated at FCI Gilmer in Glenville, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence imposed in the Western District of New York. The Petitioner paid the $5 filing fee on October 26, 2017.

The matter is assigned to the Honorable Frederick P. Stamp, Jr., United States District Judge, and is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

---

[1] The facts are taken from the Petitioner's criminal Case No. 1:97cr133-2 in the United States District Court for the Western District of New York, available on PACER.  Unless otherwise noted, the ECF entries in this section refer to that criminal case.  <u>Philips v. Pitt Cnty. Mem. Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); <u>Colonial Penn. Ins. Co. v. Coil</u>, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

Petitioner and his brother, Donald Benjamin, were convicted of various drug crimes stemming from a drug distribution ring that they ran in and around Olean, New York, along with dozens of co-conspirators. The ring dealt in marijuana, cocaine and crack and employed numerous individuals, including several who were under the age of eighteen. Following a jury trial, the Petitioner was convicted of one count of conspiracy to possess with intent to distribute and conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1) and one count of possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Petitioner was originally sentenced by the late Judge John T. Elvin to ten years' imprisonment on each count to be served consecutively. ECF No. 543.

Petitioner and his brother brought appeals challenging their convictions and sentences, and the government brought cross-appeals challenging the sentences.  The Second Circuit Court of Appeals affirmed the brothers' convictions but vacated the sentences and remanded for resentencing on the ground that the District Court had failed to give the government adequate notice of its intention to vary from the United States Sentencing Guidelines. In a summary order filed that same day, the Second Circuit denied each of the brothers' challenges to their sentences, "find[ing] no violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and no erroneous sentencing calculation except to the extent discussed in our accompanying opinion. <u>United States v. Evans</u>, 82 Fed. Appx. 726, 728 (2nd Cir. 2003).

On remand, Judge Elfvin imposed the same sentences he had imposed in the initial sentencing proceedings. The government appealed, and the Second Circuit again

vacated the sentences. United States v. Hirliman, 503 F.3d 212, 217 (2d Cir. 2007).[2] The case was remanded "with instruction that it be assigned to a new judge for resentencing." Id. at 217. On the second  remand, the case was reassigned to Judge Richard J. Arcara, who sentenced Petitioner principally to thirty years' imprisonment.

The Petitioner appealed asserting various challenges only to his sentence. His appeal was consolidated with that of his brother, Donald Benjamin. The Petitioner alleged that his sentence on Count One of the Indictment (conspiracy to  distribute cocaine, cocaine base and marijuana) should be vacated claiming the jury made an insufficient finding as to the type of drugs involved in the conspiracy. The Petitioner claimed that because of the insufficiency of the jury's finding, the Court's imposition of a sentence under 21 U.S.C. § 841(b)(1)(C) violated Apprendi. The Court of Appeals noted that it had denied this claim in its previous order. See Evans, 82 Fed. App'x. at 728 (remanding for resentencing but concluding that there had been "no violation of Apprendi . . . and no erroneous sentencing calculation"). The Court of Appeals continued that in any event, the claim was meritless because this was not a case where considering ambiguity resulting from a general verdict, the Court was required to assume that the conviction was for conspiracy to possess the controlled substance that carries the most lenient statutorily prescribed sentence. Rather, because the jury returned a special verdict with respect to Count One and that its verdict was based on

---

[2] The Court of Appeals noted that the Petitioner's resentencing was not preceded by a notice of a possible deviation or accompanied by a statement of reasons, save for the reading of the defense prepared notice that was provided at the hearing and was simply a statement pf several factors in Section 3553(a). The Court of Appeals further noted that although once again accepting the PSR calculations, the judge then imposed a sentence 20 years below the Guidelines recommendation. Finally, the Appeals Court determined that the district judge made no findings of fact or conclusions of law justifying his departure from the guidelines. 503 F.3d at 216.

all three drugs alleged: cocaine (powder), cocaine base (crack) and marijuana, the verdict sheet unambiguously showed that the jury found the Petitioner guilty of a drug conspiracy involving not just marijuana, but also cocaine powder and crack cocaine. Therefore, the Petitioner should not have been punished under 21 U.S.C. § 841(b)(1)(D), because that statute applies only in the case of less than 50 kilograms of marijuana. Instead, the Petitioner should have been punished, as he was in fact punished, under 21 U.S.C. § 841(b)(1)(c), the default statute for drug conspiracy involving a controlled substance in schedule I or II.

In addition, the Court of Appeals noted that the Petitioner and his brother made various other claims that the District Court violated Booker in applying certain sentencing enhancements in calculating their advisory sentencing range under the United States Guidelines. The Court of Appeals concluded that "[e]ach of defendants' claims is meritless; the District Court did not violate Booker. U.S. v. Benjamin, 391 Fed. Appx. 942, *3 (2nd Cir. 2010).

### C. Motion to Vacate

On June 22, 2011, the Petitioner filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. ECF No. 888. The Petitioner argued that (1) his sentence exceeded the maximum permissible sentence for his crimes of conviction and (2) his trial counsel provided ineffective assistance. The Government filed opposing papers on August 18, 2011 [ECF No. 890], and the

Petitioner filed reply papers on September 30, 2013. ECF No. 895. The Petitioner filed a "supplement"[3] to his petition on September 30, 2013. ECF No. 904.

With respect to his claim that his sentence of 360 months exceeded the total maximum punishment by 98 months, the Petitioner maintained that the court should have calculated his offense level at 32, resulting in a Sentencing Guideline range of 210-262 months. By way of explanation, the Petitioner noted that his offense level should have been 32 because his counts of conviction were "related" pursuant to § 3D1.2(d) of the Sentencing Guidelines.  However, the district court found his argument to be without merit.

The Presentence Investigation Report ("PSR") prepared by the United States Probation Office recommended an offense level of 46 for each defendant and a criminal history category of VI, the highest possible category. In making its calculation, the Probation Office grouped both Petitioner's counts of conviction pursuant to §§ 3D1.2(b) and (d). Moreover, at the time of sentencing, the court expressly noted that "[p]ursuant to 3D1.2(b) and (d), both counts of conviction are grouped." ECF No. 876 at 16.

To the extent that the Petitioner was attempting to argue that Apprendi was violated in some other fashion, the district court was unable to discern the basis for any such argument. Moreover, the district court noted that the Second Circuit expressly found on direct appeal that "the District Court did not violate Apprendi when it sentenced defendants for Count One under 21 U.S.C. § 841(b)(1)(C). "Any doubt on this issue is

---

[3] The Petitioner's "supplement" raised two arguments made by his brother in his § 2255 – namely, that he was entitled to relief based on the Supreme Court's decisions in Alleyne v. United States, 577 U.S. 90 (2013) and Peugh v. United States, 569 U.S. 530 (2013). As set forth in detail in the Court's Decision and Order denying Donald Benjamin's § 2255 Petition [ECF No. 910], neither Alleyne nor Peugh applies retroactively on collateral review, and so neither decision affords relief to the Petitioner, whose conviction was final as of 2011.

eliminated by the jury's verdict of guilty on the substantive counts involving cocaine base, as to which no issue is raised on appeal." Benjamin, 391 F. App'x at 946. Accordingly, the district court found that the record conclusively demonstrated that the Petitioner's sentence of 360 months did not exceed the statutory maximum for his crimes of conviction and was not in violation of Apprendi. After finding that the Petitioner's claim of ineffective assistance of counsel was likewise without merit, the district court denied and dismissed the Petitioner's 2255 motion and declined to issue a certificate of appealability.

### D.      Instant § 2241 Petition

The Petitioner attacks his sentence and relies on the Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). The Petitioner acknowledges that the conduct which provided the basis for his conviction occurred between 1994 and 1997, and therefore occurred before the Booker decision. However, the Petitioner contends that his second and third sentencings occurred after Booker, and the district judge was obligated to apply the Sixth Amendment principles announced in that decision. For relief, the Petitioner requests that this court order him released.  Id. at 10.

### III. Legal Standard

### A.      Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district

court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

**B.     Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that

---

[4]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

a.  The date on which the judgment of conviction becomes final;
b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added). The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler. Id.

9

## IV. Analysis

The undersigned begins by noting that the Petitioner already has had his arguments related to <u>Booker</u> fully considered by the Second Circuit in connection with his direct appeal. There is no basis for this court to second guess that court or the sentencing court pursuant to this § 2241 petition. See <u>Diaz v. Warden</u>, No. 4:15cv00237-BHH, 2016 WL 4168606, *4 (D.S.C. August 30, 2016) ("Petitioner is entitled to disagree with the disposition of his appeal, but he is not entitled to relitigate these issues in an unauthorized successive § 2255 motion disguised as a § 2241 petition.").

Moreover, although the Petitioner does not address the savings clause, he is not entitled to its application.  Because the Petitioner is not contesting his conviction, the <u>Jones</u> standard does not apply to his petition for relief. Instead, the Court must review the Petitioner's challenge of his sentence under the four-part <u>Wheeler</u> test.  Because the Petitioner relies on <u>Booker</u>, which was decided before his third sentencing, the Petitioner cannot meet the second prong of the  <u>Wheeler</u> test, and he is not entitled to relief.

Furthermore, the Petitioner's <u>Booker</u> argument is fatally flawed. In <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), the Supreme Court held "other than a fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury and proved beyond a reasonable doubt." In <u>Blakley v. Washington</u>, 542 U.S. 296, 301-03 (2004), the Supreme Court applied <u>Apprendi</u> to the State of Washington's sentencing scheme and found that the imposition of sentencing enhancements based solely on factual findings made by the

court and neither admitted by the defendant or found by a jury violated the Sixth Amendment. <u>Blakely</u> was in turn applied to the federal sentencing guidelines in <u>Booker</u>.

In a majority opinion written by Justice John Paul Stevens and joined by Scalia, the Court held that the federal sentencing guidelines were unconstitutional under the doctrines announced in <u>Blakely</u> and <u>Apprendi</u>. However, a second majority opinion written by Bryer created the "<u>Booker</u> remedy" of converting the guidelines from binding rules to advisory ones.[5] Instead of overturning the guidelines entirely or requiring jury fact-finding on all salient sentencing factors, the second part of <u>Booker</u> allows judges to continue making findings of fact without a jury. In short, the <u>Booker</u> decision solved the Sixth Amendment problem of judicial factfinding not by banning judicial factfinding but by making the Sentencing Guidelines advisory. See <u>United State v. Johnson</u>, 5th Cir. 2006). After <u>Booker</u>, "a sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." <u>Id.</u> at 798. Therefore, the Petitioner's argument that <u>Booker</u> was violated when the sentencing judge applied numerous enhancements based upon facts not found by the jury misapprehends the <u>Booker</u> decision.

Finally, the undersigned notes that in his third and final sentencing, the district judge acknowledged that the law of sentencing had changed since the Petitioner was convicted in 1999 and first sentenced. Specifically, he conceded that when the Petitioner was first sentenced the Guidelines were mandatory, but following the 2005

---

[5] The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A § 3553(b)(1) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory.

decision in <u>Booker</u>, they are advisory. Furthermore, at his third sentencing hearing on December 18, 2008, the District Judge conceded that because the issue of the amount of drugs possessed and distributed by the Petitioner was not submitted to the jury, the default statutory maximum set forth in 841(b)(1)(c) of 20 years applies to each of his convictions. Accordingly, the Petitioner faced a maximum sentence of 40 years. Because he was sentenced to an aggregate 30 years, his sentence did not exceed the statutory maximum, the district judge treated the guidelines as advisory, and he set forth his reasons for imposing a below guideline sentence. Therefore, there is no <u>Booker</u> violation.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED**. The undersigned further recommends that the Petitioner's Motion for Summary Judgment [ECF No. 11] and his Motion to Expedite [ECF No. 14] be **DENIED AS MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985);

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  February 7, 2019

*/s, James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE