IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NEAL BENJAMIN,

       Petitioner,

v.                                      Civil Action No. 5:17CV161
                                                         (STAMP)
JENNIFER SAAD,

       Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE MAGISTRATE JUDGE
AND OVERRULING THE PETITIONER'S OBJECTIONS**

I.  Background

The pro se[1] petitioner is currently incarcerated at FCI Gilmer in Glenville, West Virginia, where he is serving a sentence imposed by the United States District Court for the Western District of New York. ECF No. 1 at 1-2. The petitioner filed a Petition for Habeas Corpus under 28 U.S.C. § 2241, in which he alleges that "[t]he [c]onduct which provided the basis of [p]etitioner['s] [c]onviction occurred between 1994 and 1997. Thus, the [c]onduct occurred before the Supreme Court decision in United States v. Booker, 543 U.S. 220, 1255 S. Ct. 738 (2005). Nevertheless, because the [s]econd and third sentence occurred after Booker, the [d]istrict [c]ourt judge was obligated to apply the Sixth Amendment principle announced by the Booker [c]ourt." Id. at 5-6. The

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

petitioner argues that "[a]t [p]etitioner['s] 2002[] [s]entencing, there is no doubt the Western District Court judge was operating under pre-Booker mandatory guideline regime, and there's no doubt the [d]istrict [c]ourt judge engaged in judicial fact[-]finding resulting in a sentence that exceeds the maximum guidelines of 37 months that was [a]uthorized by the jury verdict alone[] and finally there is no doubt such a Sixth Amendment error affected [p]etitioner['s] [s]ubstantial rights." Id. at 8. The petitioner requests that the Court "[o]rder release of [p]etitioner Neal Benjamin whereas this Honorable Court [s]hould [o]rder time served for the foregoing reasons stated herein." Id. at 10.

Petitioner then filed a motion for summary judgment. ECF No. 11. In that motion, the petitioner first provides a background of the facts, and reiterates many of the claims made in his initial petition, arguing that "the [d]istrict [c]ourt committed a Sixth Amendment Booker error, in predicating his 2002 sentence upon quantities of [c]ocaine [b]ase found by the [s]entencing [j]udge only, which were neither charged in the [i]ndictment nor proven to the jury beyond a reasonable doubt. Imposed in 2002, 2005, and 2008, based solely on its finding on drug quantities, the [c]ourt increased [p]etitioner['s] base offense level from 12 (the applicable offense level for an indeterminate quantity of [c]ocaine [b]ase) to 38. Absent this [j]udicial fact-finding the maximum sentence the [p]etitioner could have received under the guideline

2

would have been less than those actually impose[d]." Id. at 3-4. The petitioner also filed "Motion to Expedite Petitioner's 28 USC §2241, 2243." ECF No. 14.

United States Magistrate James P. Mazzone then entered a report and recommendation. ECF No. 15. In that report and recommendation, the magistrate judge recommends that the petitioner's petition (ECF No. 1) be denied and dismissed, and that petitioner's motion for summary judgment (ECF No. 11) and his motion to expedite (ECF No. 14) be denied as moot. Id. at 12.

The petitioner timely filed objections. ECF No. 17. In his objections, the petitioner states that the magistrate judge did not assess petitioner's Booker arguments. Id. at 1. He then proceeds to state facts related to his 2002 sentencing and 2005 sentencing. Id. at 2-3.

For the reasons set forth below, the report and recommendation of the magistrate judge (ECF No. 15) is affirmed and adopted, the petitioner's objections (ECF No. 17) are overruled, and the petitioner's motion for summary judgment (ECF No. 11) is denied, and his motion to expedite (ECF No. 14) is denied as moot.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's

3

recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

### III. Discussion

First, although petitioner did not raise the issue, the magistrate judge correctly found that the petitioner is not entitled to application of the savings clause in 28 U.S.C. § 2255. Id. The savings clause of § 2255 has a stringent standard that the petitioner cannot satisfy. Under the § 2255 savings clause, it is the petitioner's burden to demonstrate that the § 2255 remedy is inadequate or ineffective. In the United States Court of Appeals for the Fourth Circuit, the § 2255 remedy is deemed inadequate or ineffective only when all three of the following conditions are satisfied:

4

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

In this case, the petitioner cannot satisfy the second element of Jones because the petitioner is not contesting his conviction. Accordingly, the petitioner has not demonstrated that the § 2255 remedy is inadequate or ineffective.

Moreover, the magistrate judge correctly found that the petitioner is not entitled to application of the § 2255 remedy under United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), reh'g en banc denied June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). ECF No. 15 at 10. Under the Wheeler test,

> § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.

5

In this case, the petitioner cannot satisfy the second element of <u>Wheeler</u> because the petitioner relies on <u>Booker</u> - a case decided in 2005, prior to his third sentencing. Thus, this Court agrees with the magistrate judge that the petitioner is not entitled to relief under <u>Wheeler</u>.

As to the petitioner's <u>Booker</u> arguments, the magistrate judge properly noted that the petitioner already had his arguments based on <u>Booker</u> fully considered by the United States Court of Appeals for the Second Circuit in connection with his direct appeal, and that there is no basis to second guess that court or the sentencing court. ECF No. 15 at 10. Moreover, the magistrate judge correctly concluded that petitioner's "argument that <u>Booker</u> was violated when the sentencing judge applied numerous enhancements based upon the facts not found by the jury misapprehends the <u>Booker</u> decision." <u>See</u> <u>United States v. Johnson</u>, 445 F.3d 793, 797 ("a sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence.").

Lastly, the magistrate judge correctly noted that in the petitioner's final sentencing, the district judge did not exceed the statutory maximum of imprisonment for petitioner's offense, the district judge treated the guidelines as advisory, and the district judge set forth the reasons for imposing the sentence. ECF No. 15

at 11-12. Therefore, this Court agrees with the magistrate judge's conclusion and finds that Booker was not violated.

## IV. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 15) is AFFIRMED and ADOPTED. Therefore, the petitioner's motion for summary judgment (ECF No. 11) is hereby DENIED, and the petitioner's motion to expedite (ECF No. 14) is DENIED AS MOOT. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: February 22, 2019

                                          <u>/s/ Frederick P. Stamp, Jr.</u>
                                          FREDERICK P. STAMP, JR.
                                          UNITED STATES DISTRICT JUDGE